IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **WESTERN ROBIDOUX, INC,** | ) | Case No. |
| | ) | |
| Debtor. | ) | Chapter 11 |

## MOTION TO APPROVE INTERIM ORDER
### (A) AUTHORIZING USE OF CASH COLLATERAL; AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

COMES NOW, the debtor, by and through its undersigned counsel, and hereby moves this Court pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rule 4001 to use its cash collateral. In support of this motion, Debtor states as follows:

### Jurisdiction and Venue

1. This is a Core proceeding that this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(M).

2. Venue is proper in this district under 28 U.S.C. § 1409 (a).

### Background

3. The debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on October 19, 2019.

4. The debtor is a Missouri corporation.

5. The debtor is a commercial printing company which has been continuously operating since the nineteenth century.

6. The debtor continues to manage its property as a debtor-in-possession under 11 U.S.C. §§ 1107 & 1108. The debtor derives substantially all of its income from the sale of sawdust.

7. Nodaway Valley Bank holds a first priority perfected lien in the debtor's cash,

1

accounts receivable, equipment, and inventory securing debts owing Nodaway Valley Bank in the approximate amount of $100,000.

8. As far as the debtor is aware, no other creditor has an interest in the debtor's cash or accounts receivable.

9. The debtor is currently owed accounts receivable due within terms in the approximate amount of $292,000, virtually all of which it estimates is collectible. Additionally, the debtor currently has cash in its accounts summing to $147,045.47 all of which is proceeds of accounts receivable. Finally, the debtor has equipment and inventory purchased for approximately $6,942,591. Most of this is equipment which has depreciated substantially. However, the debtor believes the price at which it could sell all of its inventory and equipment exceeds the debt owed to Nodaway Valley Bank by a substantial amount. The only possible competing perfected lien in all this property is a lien held by Fujifilm on certain printing equipment and supplies – however, the debtor's records show that Fujifilm's claim has been paid in full.

10. Nodaway Valley Bank has a substantial equity cushion.

11. During this case, the debtor expects to operate profitably as it has historically done and generate receipts in excess of its disbursements.

12. The debtor believes that should it utilize its cash collateral and continue its operations, the realizable value of its accounts receivable will increase considerably.

13. Attached hereto as **Exhibit A** and incorporated herein by reference are the debtor's financial projections through illustrating what the debtor projects its income and expenses will be.

14. The debtor has 16 employees and its ongoing existence is economically beneficial to its local community, St. Joseph, Missouri.

15. The debtor's Accounts Receivable and the funds in its accounts constitute cash collateral under 11 U.S.C. § 363(a).

**Relief Requested**

16. The debtor has no source of income other than its accounts receivable. If the debtor is not permitted to use the accounts receivable in the ordinary course of its business, the debtor will be unable to pay its post-petition operating expenses, precluding its further operation and causing imminent and irreparable harm to its estate. Accordingly, by this Motion, the debtor seeks, the following:

    a. Authority to use the cash collateral on an interim basis in accordance with the terms and conditions set forth in the proposed Interim Order (I) Authorizing Use of Cash Collateral, and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) (the "Interim Order"). A copy of the proposed Interim Order is attached hereto as Exhibit B and is incorporated by reference;

    b. Setting a final hearing on the continued use of the Cash Collateral; and

    c. Allowing the debtor to use the Cash Collateral through November 4, 2019, subject to renewal and modification.

**Basis for Relief**

I. Authorizing the Use of Cash Collateral

17. Section 363(c)(1) of the Bankruptcy Code provides that if the business of the debtor is authorized to be operated under 11 U.S.C. § 1108, unless the Court orders otherwise, the trustee (and the debtor-in-possession exercising the powers of a trustee under § 1107) may enter into transactions, including the sale or lease of property of the estate, and may use property of the estate, in the ordinary course of business, without notice or a hearing.

18. Section 363(c)(2) of the Bankruptcy Code provides that the trustee may not use, sell or lease cash collateral under subparagraph (c)(1) unless each entity that had an interest in such cash

collateral consents or unless the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of § 363.

19. Section 363(c)(3) of the Bankruptcy Code allows the Bankruptcy Court to issue a preliminary order allowing Debtor to use its Cash Collateral on an interim basis if there is a reasonable likelihood that the Debtor will prevail on the final hearing.

20. The only party that has an interest in the cash collateral is Nodaway Valley Bank. In order for the debtor to continue its operations, meet its ordinary course business expenditures, administer and preserve the value of the estate, and to avoid immediate and irreparable harm, the debtor requires the use of the cash collateral and for this Court to enter an interim order allowing Debtor to use the cash collateral as provided in §363(c)(3).

II.   <u>Proposed Adequate Protection</u>

21. Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property used, sold or leased or proposed to be used, sold or leased by the trustee, the Court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

22. Section 361 of the Bankruptcy Code provides that when adequate protection of an interest of an entity in property is required under §§ 362, 363 or 364, "such adequate protection may be provided by – (1) requiring……a cash payment or periodic cash payments to such entity, to the extent that….the use, sale or lease under section 363 of this title….results in a decrease in the value of such entity's interest in such property; or (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief…..as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

23. In a final cash collateral order, the debtor proposes to grant the following to Nodaway Valley Bank as adequate protection of its interest in the debtor's cash collateral:

   a. <u>Adequate Protection Liens</u>. As additional adequate protection, the debtor proposes to grant to Nodaway Valley Bank the following Replacement Liens subject to the limitations imposed by subpart (iv) below (the "<u>Adequate Protection Liens</u>").

      i. <u>Replacement Liens</u>. The debtor proposes to grant to Nodaway Valley Bank replacement security interests in, and liens on, all post-Petition Date acquired property of the debtor and its bankruptcy estate bankruptcy estate that is the same type of property that Nodaway Valley Bank holds a duly perfected pre-Petition Date lien (the "<u>Replacement Liens</u>"). The amount of the Replacement Lien shall be up to the amount of debt owed to Nodaway Valley Bank. The priority of the Replacement Liens shall be in the same priority as Nodaway Valley Bank's pre-Petition Date liens and security interests.

      ii. <u>Protection of Priority</u>. Except for the Carve Out, defined below in subpart (d) the Replacement Liens shall not be (i) subject and subordinate to any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the debtor or (ii) subordinated to or made *pari passu* with any other lien or security interest under Code §§ 363 or 364 or otherwise including without the consent of the Secured Party impacted by such lien or security interest.

      iii. <u>Automatic Perfection</u>. The debtor proposes that the Replacement Liens shall be effective and perfected upon the date of entry of the final order without necessity for the execution or recordation of filings of deeds of trust, mortgages, security agreements, control agreements, pledge agreements,

5

        financing statements or similar documents, or the possession or control by Nodaway Valley Bank of, or over, any property subject to the Replacement Liens: and that Nodaway Valley Bank would be authorized, but not required, to file or record financing statements or similar instruments in any jurisdiction in order to validate and perfect the Adequate Protection Liens. Any error or omission in such documents shall in no way affect the validity, perfection or priority of the Adequate Protection Liens.

    iv. <u>Secured Party Lien Challenges</u>. Nothing herein shall prohibit any party from challenging the amount of Nodaway Valley Bank's claim or the nature, extent and priority of Nodaway Valley Bank's security interests in, and liens on, the debtor's property.

b. <u>Superpriority Claims</u>. The debtor also proposes to the extent that the liens the debtor proposes to grant above above prove inadequate to protect Nodaway Valley Bank from a demonstrated diminution in value of its collateral position from the Petition Date and subject to the Carve Out, Nodaway Valley Bank be granted an administrative expense claim under Code § 503(b) with priority in payment under Code § 507(b) over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including Code §§ 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114 ("<u>Superpriority Claims</u>");

    c. <u>Additional Adequate Protection</u>. The debtor proposes that the adequate protection granted in the Final Order be without prejudice to Nodaway Valley Bank seeking further and other adequate protection to the extent it deems the same necessary and appropriate.

    d. <u>Carve Out</u> – Only in event that the debtor or its estate have no property otherwise available to pay the following listed items, the Replacement Liens shall be subject to carve outs for: (1) amounts payable to the United States Trustee pursuant to 28 USC 1930(a) and (2) if this case is converted to a case under Chapter 7 of the Bankruptcy Code, the fees and expenses of a chapter 7 trustee up to and not exceeding $10,000.

    e. <u>Payment</u> – the debtor will make a monthly payment in the amount of $2,500 to Nodaway Valley Bank. This payment shall be applied against Nodaway Valley Bank's claim against the debtor.

    f. <u>Budget</u> – the debtor proposes that in a final cash collateral order that it be permitted each month to expend no more than 10% more than the budget line items as set forth under the 30-day budget attached to the proposed Interim Order attached as Exhibit A.

24. There is a reasonable likelihood that debtor will prevail at the final hearing with respect to its motion to use the Cash Collateral. The debtor's operations have historically been profitable and the debtor projects that will continue.

25. Accordingly, the debtor believes that given the circumstances, the requested relief is appropriate and necessary under 11 U.S.C. § 363(c)(3).

26. Further, the debtor continues to operate its business and projects to generate sufficient income to meet its operating expenses, thus preserving the secure Nodway Valley Bank's position in the cash Collateral.

27. The debtor proposes to use the Cash Collateral under this motion pursuant the Interim

7

Order Attached as **Exhibit A** until the Court conducts a final hearing.

WHEREFORE, the Debtor requests that this Court enter an order: (i) authorizing the use of the Cash Collateral in accordance with the terms and conditions set forth in the attached Interim Order; (ii) setting a final hearing on the use of the Cash Collateral; and (iii) such other and further relief as this Court deems just and proper.

**MERRICK, BAKER & STRAUSS, P.C.**

**By:** /s/ victor f. weber
**BRUCE E. STRAUSS        MO#26323**
**VICTOR F. WEBER         MO#57361**
**1044 Main Street - Suite 500**
**Kansas City, MO 64105**
**Telephone:    (816) 221-8855**
**Facsimile:    (816) 221-7886**
**Email:        victor@mbslaw.psemail.com**
**PROPOSED ATTORNEYS FOR DEBTOR**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 19, 2019, a true and complete copy of the foregoing was sent via electronic mail to those parties registered to receive electronic notice and to via US mail and electronic mail to:

Christopher Miles
Husch Blackwell, LLP
4801 Main Street
Suite 100
Kansas City, Mo. 64112-2551
Christopher.Miles@huschblackwell.com

And via electronic mail only to:
Lloyd E. Mueller
Office of the U.S. Trustee
400 E 9th St
lloyd.e.mueller@usdoj.gov

8

<u>/s/Victor Weber</u>