# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| WESTERN ROBIDOUX, INC, ) | Case No. 19-50505-btf11 |
| ) | |
| Debtor. ) | Chapter 11 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON DEBTOR'S EMERGENCY MOTION TO APPROVE INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL; AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

This matter came on for hearing before the court on the motion of Western Robidoux, Inc. for an interim order allowing its use of cash collateral and scheduling a final hearing pursuant to Bankr. R. 4001. After hearing and argument presented, the court finds:

### Findings of Fact

1. The debtor filed its petition for relief under Chapter 11 of the Unites States Bankruptcy Code on October 19, 2019 (the "Petition Date").

2. The debtor is a commercial printing company

3. The debtor has continued to operate its business as a debtor-in-possession under 11 U.S.C. §1108.

4. The debtor has agreed and stipulated that as of the Petition Date, Nodaway Valley Bank holds, among other things, a first priority perfected lien in the debtor's cash, accounts receivable, equipment, and inventory securing debts owing Nodaway Valley Bank in the approximate amount of $100,000.

5. The debtor derives substantially all of its income from its accounts receivable (the "Accounts Receivable").

6. The debtor's Accounts Receivable consist mainly of the proceeds of its sales of printing and promotional materials. The debtor has historically been profitable and believes that it will continue to be profitable during this case.

7. The debtor has agreed to use the Cash Collateral while this interim order is in effect as set forth in the attached budget until a hearing is held on the debtor's request for a final cash collateral order or until a final cash collateral order is entered.

## Conclusions of Law

8. The debtor's only source of post-petition operating capital is from the Accounts Receivable. Accordingly, the debtor's inability to use the Accounts Receivable would cause irreparable injury to its estate.

9. The debtor has agreed and stipulated that Nodaway Valley Bank has a perfected interest in the Accounts Receivable.

10. The Accounts Receivable constitute cash collateral under 11 U.S.C. §363(a).

11. Based on the evidence before the court, it appears debtor will be able to operate profitably and has a ready market for its product, the Court believes it likely that the debtor will prevail in a final hearing regarding cash collateral.

12. The debtor, therefore, has established that it is entitled to an interim order under 11 U.S.C. § 363(c)(3) allowing it to use the Cash Collateral until the Court conducts a final hearing on this issue.

13. The debtor shall deposit all post-petition Accounts Receivable in its debtor-in-possession account.

14. The debtor has ratified and confirmed the lien of Nodaway Valley Bank to all the debtor's the debtor's cash, accounts receivable, equipment, and inventory and the debtor agrees that Nodaway Valley Bank's interest in this collateral is valid, binding, enforceable, and duly perfected on a prepetition and post-petition basis. Except as otherwise provided herein or as otherwise provided in or authorized by the Bankruptcy Code, the debtor shall continue

to comply with all terms and conditions of all its loan documents and agreements with Nodaway Valley Bank. Nothing herein shall prevent any party, including any successor in interest to the debtor from challenging the nature, extent, and priority of Nodaway Valley Bank's claim, security interests in, and liens on, the debtor's property.

15. The debtor shall make a payment to Nodaway Valley Bank in the amount of $2,500 on or before November 1, 2019, which shall be applied against Nodaway Valley Bank's claim against the debtor pursuant to the loan documents. The debtor shall continue to make a monthly payment of $2,500 to Nodaway Valley Bank on or before the first day of each following month until the date of confirmation of a Chapter 11 Plan in this case, dismissal of this case, or as may be otherwise ordered by the Court within these proceedings.

16. Nodaway Valley Bank and its agents are granted the right to inspect the collateral securing its claims, and to inspect all books and records of deposits and expenditures of the cash collateral, at any reasonable time during regular business hours, provided that Nodaway Valley Bank shall give the debtor reasonable notice in advance of any such inspection. At any such inspection, the debtor shall fully cooperate with Nodaway Valley Bank to disclose and fully account for all collateral, including the cash Collateral. The debtor shall, as reasonably requested by Nodaway Valley Bank, but at least on a monthly basis, provide to Nodaway Valley Bank an operating report reflecting the debtor's periodic revenue, operating expenses, net income, current assets and liabilities.

17. Nothing herein shall prejudice the rights of Nodaway Valley Bank to seek additional or alternate adequate protection in the event it later deems the terms herein unsatisfactory

18. The Court will grant the debtor's motion to use Cash Collateral as set forth on the Budget on an interim basis until it conducts the final hearing on Debtor's use of Cash Collateral.

Accordingly,

**IT IS HEREBY ORDERED** that, the debtor is authorized to use the Cash Collateral as set forth on the Budget and shall not exceed the amounts on the Budget by more than ten percent on an interim basis until this Court conducts a final hearing on the Debtor's motion to use the Cash Collateral and Nodaway Valley Bank shall retain its lien on accounts receivable and cash as adequate protection; and

**IT IS HEREBY FURTHER ORDERED** that, if any objections are made to the debtor's Motion for a final order granting use of cash collateral a final hearing on the debtor's Cash Collateral Motion shall be heard on <u>11/6/2019</u> at<u> 9:00 AM</u>. at the US Courthouse, Courtroom 6B, 400 E. 9th St., Kansas City, MO; and

**IT IS HEREBY FURTHER ORDERED** that, any objections to the debtor's Cash Collateral Motion must be filed on or before November 5, 2019.

Dated: 10/21/2019            <u>/s/ Brian T. Fenimore        </u>
                             Honorable Judge Brian Fenimore